IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

MAXINE RUCKER, INDIVIDUALLY AND
ON BEHALF OF WALTER RUCKER, DECEASED,                    PLAINTIFF,

VS.                                                      CIVIL ACTION NO. 4:05CV78-P-B

INDIANOLA HEALTH AND REHABILITATION
CENTER,                                                  DEFENDANT.

## ORDER

This matter comes before the court upon Plaintiff's Motion to Remand [7-1]. After due consideration of the motion and the response filed thereto, the court finds as follows, to-wit:

The motion is not well-taken and should be denied. The plaintiff filed the instant wrongful death action against "Indianola Health and Rehabilitation Center" in the Circuit Court of Sunflower County, Mississippi on December 13, 2004. The plaintiff alleges that she served process upon the defendant by serving a "Glynn Brown" on February 18, 2005. The proof of service, however, does not state what exactly was served. In any event, the defendant avers that there is no such legal entity as "Indianola Health and Rehabilitation Center" and that the name is just a trade-name of National Heritage Realty, Inc. Furthermore, National Heritage avers that they did not receive notice of the instant suit until March 30, 2005 when their counsel learned that a default judgment had been entered in the Circuit Court of Sunflower County, Mississippi. On that same day, National Heritage removed the instant action to federal court on the grounds of federal diversity jurisdiction since National Heritage is a foreign corporation.

The plaintiff filed the instant motion to remand, arguing that the defendant's removal was untimely given that it was not filed until well after the 30-day limit imposed by 28 U.S.C. § 1446(b).

The defendant counters that the 30-day period did not begin to run for them for two primary reasons. First, it is undisputed that there is no such legal entity as Indianola Health and Rehabilitation Center. Indeed, the Secretary of State's corporate search website reveals no such name. Rather, Indianola Health and Rehabilitation Center is a trade name of National Heritage Realty, Inc. which is listed on the website. Second, National Heritage Realty, Inc. was never properly served. It is undisputed that Glynn Brown, the name written on the proof of service, is not an authorized agent to receive process. It is also undisputed that the proof of service does not indicate what document was actually served.

The plaintiff did not file a reply or any other proof that service of process was properly served. The defendant is correct that § 1446(b)'s 30-day time limit does not begin to run until a defendant has been *properly* served. *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-8 (1999). Since the defendant was not properly served before April 30, 2005, the instant removal was timely.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Plaintiff's Motion to Remand [7-1] is **DENIED**; and

(2) Counsel shall contact the U.S. Magistrate Judge assigned to this case within 10 days of entry of this Order to schedule a Case Management Conference.

**SO ORDERED** this the 10th day of July, A.D., 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE