**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

MAXINE RUCKER, INDIVIDUALLY, AND
ON BEHALF OF WALTER RUCKER,
DECEASED,                                                                                    PLAINTIFF,

VS.                                                              CIVIL ACTION NO. 4:05CV78-P-B

INDIANOLA HEALTH & REHABILITATION
CENTER,                                                                                         DEFENDANT.

**ORDER**

This matter comes before the court upon Defendant's Motion to Set Aside Entry of Default and Default Judgment [16-1]. After due consideration of the motion the court finds as follows, to-wit:

The plaintiff filed the instant wrongful death action against a nursing home named in the Complaint as "Indianola Health & Rehabilitation Center" on December 13, 2004 in the Circuit Court of Sunflower County, Mississippi. The proof of service states that a person named Glynn Brown was served on February 18, 2005. The box for the "Personal Service" section was checked and reads "I personally served copies of the Glynn Brown [sic] on the 18 [sic] day of February, 05, to the above named person where I found him/her in Sunflower County, State of Mississippi. Indianola Health and Rehabilitation Center."

According to the docket of the Circuit Court of Sunflower County, the Clerk entered default on March 24, 2005. However, on April 4, 2005 the defendant removed to federal court. Then on or about April 13, 2005 the Circuit Court of Sunflower County entered a default judgment against the defendant. In other words, the State court's clerk entered default, the defendant's removed, and after

1

removal, the State court entered default judgment.

After the defendant removed this case to federal court the plaintiff filed her motion to remand. This court denied that motion to remand on July 12, 2006 in which it observed that process was not properly served. On July 20, 2006 the defendant filed the instant motion to set aside the entry of default and default judgment in the Circuit Court of Sunflower County because *inter alia* there was never proper service and because once this case was removed to federal court, the State court lost jurisdiction regarding this case.

On September 18, 2006 this court entered an order granting plaintiff's counsel's motion to withdraw as counsel. The plaintiff's response to the defendant's motion to set aside default judgment was due on or about August 7, 2006. No response has ever been filed, nor has the plaintiff otherwise contacted the court regarding same.

Nevertheless, the court finds that the defendant's motion to set aside entry of default and default judgment is well-taken on its merits. First, it is clear that service was improper, especially since it is undisputed that Glynn Brown is not a registered agent authorized to accept service, since Indianola Health and Rehabilitation Center is a mere trade name and not a legal entity, and since there is no evidence in the proof of service that a copy of the summons and the complaint were served pursuant to Miss. R. Civ. P. 4. Since there was no service, there can be no entry of default. Second, once the defendant removed to federal court, jurisdiction over this case was transferred to this court and therefore the post-removal default judgment in the State court is void. *Sanghi v. Sanghi*, 759 So.2d 1250, 1254 (Miss. Ct. App. 2000) ("A petition to remove to federal court halts the state proceedings as soon as the steps necessary to remove are completed ... The state court has no further authority to act even if a frivolous removal petition has been filed, until such time as the

case is remanded.") (citing 28 U.S.C. § 1446(d)).

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Defendant's Motion to Set Aside Entry of Default and Default Judgment [16-1] is **GRANTED**; therefore,

(2) Pursuant to Fed. R. Civ. P. 60(b)(1) and (b)(6), the Sunflower Circuit Court Clerk's March 24, 2005 entry of default and the Circuit Court of Sunflower County's entry of a default judgment on April 13, 2005 in *Rucker v. Indianola Healthcare and Rehabilitation Center*, Cause Number 2004-0755-CI are hereby vacated.

**SO ORDERED** this the 27th day of September, A.D., 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE