**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**MAXINE RUCKER, INDIVIDUALLY AND
ON BEHALF OF WALTER RUCKER, DECEASED,**                    **PLAINTIFF,**

**VS.**                                    **CIVIL ACTION NO. 4:05CV78-P-B**

**INDIANOLA HEALTH AND REHABILITATION
CENTER,**                                    **DEFENDANT.**

### FINAL JUDGMENT

This matter comes before the court upon Defendants' Motion to Dismiss [25-1] and Plaintiff's *pro se* notice of voluntary dismissal [24-1] which will be treated as a motion. After due consideration of the motions the court finds as follows, to-wit:

The plaintiff filed her complaint against the nursing home defendants on December 14, 2004 in the Circuit Court of Sunflower County, Mississippi. On March 30, 2005 the defendants removed this action to federal court. On July 12, 2006 the court denied the plaintiff's motion to remand.

On September 18, 2006 the court granted plaintiff's counsels' motions to withdraw as counsel of record. In the order the court cautioned the plaintiff that she had until October 16, 2006 to either have substitute counsel file an entry of appearance or notify this court in writing of her decision to proceed *pro se* (without counsel). The plaintiff was warned that failure to comply with this order may result in dismissal of her claims for failure to prosecute and for failure to obey an order of the court pursuant to Federal Rule of Civil Procedure 41(b).

On October 19, 2006, three days after the deadline, the plaintiff filed a handwritten letter stating that because she could find no new attorney to represent her, "I have no choice but to dismiss

the lawsuit."

On October 20, 2006 the defendant filed the instant motion wherein they seek dismissal with prejudice under Rule 41(b) for failure to prosecute and failure to comply with the court's order requiring her to have new counsel appear or to inform the court that she intends to proceed *pro se* by October 16, 2006.

Having considered the matter, the court concludes that the plaintiff's claims should be dismissed with prejudice under Rules 41(a)(2) and 41(b).

Rule 41(a)(2) provides that in situations where the defendants have filed an answer, a plaintiff cannot voluntarily dismiss without prior permission by the court. More specifically, Rule 41(a)(2) states in pertinent part that:

> Except as provided in paragraph (1) of this subdivision of this rule [*i.e.*, filing a motion for voluntary dismissal before an Answer is filed], an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. ... Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

The grant or denial of a motion for voluntary dismissal is within the sound discretion of the trial court. *La-Tex Supply Co. v. Freuhauf Trailer Div. Freuhauf Corp.*, 444 F.2d 1366 (5th Cir. 1971), *cert. denied*, 404 U.S. 942. The court must consider the legal prejudice to the defendant when deciding whether to grant a motion for voluntary dismissal under Rule 41(a)(2). *Durham v. Florida East Coast Ry. Co.*, 385 F.2d 366 (5th Cir. 1967).

"When a party seeking to voluntarily dismiss a claim pursuant to Rule 41(a)(2) is silent as to whether the dismissal should be with or without prejudice, the district judge is required to interpret the motion one way or the other." *GF Gaming Corp. v. City of Black Hawk, Colo.*, 405 F.3d 876, 888 (10th Cir. 2005). It is within the discretion of the provided by Rule 41(a)(2) for a court to

grant a motion for voluntary dismissal with prejudice. *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 320 (5th Cir. 2002) ("Rule 41(a)(2) clearly provides authority to the district court to grant the dismissal on the condition that it be with prejudice.").

The plaintiff in this case did not specify whether or not she wanted to dismiss her case with or without prejudice. Essentially, with prejudice means that any future lawsuits based on the plaintiff's claims in this suit are barred by the doctrine of *res judicata*. Without prejudice means that the plaintiff can possibly file another lawsuit for the same claims as long as it is done within the applicable statute of limitations period. When the plaintiff filed her notice of dismissal, her case had been pending for almost two years. The primary activity in this case involved removal and the plaintiff's motion to remand. The record reflects no discovery having taken place.

However, given that the plaintiff did not specify dismissal with or without prejudice, the court is left to interpret the motion one way or the other. Since the plaintiff filed her motion *pro se*, and there is no evidence she is trained in the distinctions between dismissals with and without prejudice, the court concludes that the plaintiff meant to dismiss her case with prejudice.

Alternatively, this case should be dismissed under Rule 41(b) for failure to prosecute. The plaintiff was cautioned to file a notice of an intention to proceed with her case *pro se* or have an attorney file an entry of appearance by October 16, 2006. The notice she filed was three days late. The court, however, concludes that three days is not necessarily egregious enough to warrant a dismissal with prejudice under Rule 41(b) in and of itself. However, being late with her notice, combined with the nature of the notice, a dismissal with prejudice for failure to prosecute is appropriate given that the notice necessarily suggests that she intends not to proceed *pro se*, thereby choosing not to prosecute her case.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1)  Plaintiff's *pro se* notice of voluntary dismissal [24-1] is **GRANTED**;

(2)  Defendants' Motion to Dismiss [25-1] is **GRANTED**; therefore,

(3)  All of the plaintiff's claims against all defendants are **DISMISSED WITH PREJUDICE**; and

(4) This case is **CLOSED**.

**SO ORDERED** this the 9th day of November, A.D., 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE